UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN FRIEDMAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC., TELECHECK SERVICES, LLC,<br><br>Defendants. | Civil Action No: 2:24-cv-1319<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alan Friedman ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant TRS Recovery Services, Inc. ("TRS" or "Defendant TRS") and Defendant TeleCheck Services, LLC ("TeleCheck" or "Defendant TeleCheck") (collectively referred to as "Defendants"), individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of

debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Nassau.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant TRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), and can be served in New York c/o Corporation Service Company located at 80 State Street, New York, NY 12207.

10. Defendant TeleCheck is a "creditor" as the phrase is defined in 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g), and can be served in New York c/o Corporation Service Company located at 80 State Street, New York, NY 12207.

11. Upon information and belief, Defendant TRS is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. All individuals with addresses in the State of New York;

    b. Who received an initial collection communication from Defendant TRS;

    c. Collecting on behalf of Defendant Telechek Services, LLC;

    d. That included two different dates to dispute or request verification of the underlying debts; and

    e. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

3

14. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15. Excluded from the class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant TRS' communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over

4

          any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c.    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint numbered 1 through 20 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. At some time prior to December 13, 2023, Plaintiff allegedly incurred an obligation with Empire Resorts Inc. ("Empire").

23. Plaintiff denies the existence of these obligations rather it was caused by identity theft.

24. Plaintiff is a victim of fraud after money was stolen from his bank account through transactions made at Empire.

25. Plaintiff previously explained the occurrence of this and the resulting fraudulent charges with Empire prior to any collection activity.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27. The alleged Empire obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

28. The alleged debt was thereafter acquired once in default by TeleCheck Services, LLC ("TeleCheck"), therefore TeleCheck is a debt collector.

29. Upon information and belief, TeleCheck contracted with TRS to collect the alleged debt.

30. TRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violations – December 30, 2023 Collection Letters*

31. On or around December 30, 2023, TRS mailed at least eleven (11) initial collection letters to the Plaintiff to collect on the TeleCheck debt. See "Letters" attached hereto as Exhibit A.

32. The act of sending eleven letters on one day is improper and harassing activity.

33. The Letters, being an initial collection communication, included disclosure statements that are required pursuant to 15 U.S.C. § 1692g.

34. The Letters, on their first page, provide a deadline of February 13, 2024, for the Plaintiff to request verification documents or to dispute the underlying debt; otherwise, Defendants will assume that the information in the Letters is correct. *See* Exhibit A at 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, and 21.

35. On the second page of the Letters, Defendants provided 30 days after receiving the Letters to dispute or request verification of the underlying debt, which would be on or around January 29, 2024. *See id*. at 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22.

36. Similarly, Defendants will assume the debt is valid if the Plaintiff does not dispute the debt or request verification within the 30-day timeframe. *See id*.

37. Additionally, each of the Letters that were received stated the same account number, however, each of the Letters contained a different amount due.

38. It was impossible for the Plaintiff to understand what the total balance was and if any of the letters were duplicative.

39. Pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

40. However, in violation of 15 U.S.C. § 1692g, Defendants stated two different time periods from which Plaintiff could dispute the underlying debt or for requesting verification documents.

41. On page one of each of the Letters, Defendants overshadows the first timeframe mentioned in a letter by providing a second, inconsistent timeframe on the second page of that letter.

42. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

43. At least one of the two timeframes stated by Defendants in the Letters must be a misrepresentation of the amount of time Plaintiff has to dispute or request verification.

44. Accordingly, Defendants violated 15 U.S.C. § 1692e when it made misrepresentations regarding the dispute process in its Letters.

45. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

46. Defendants acted unfairly and unconscionably by stating two different time frames for the Plaintiff to dispute or request verification for the debt, in violation of 15 U.S.C. § 1692f.

47. Thus, Defendants violated multiple provisions of the FDCPA.

48. Based on the inconsistencies in the Letters and the prior history surrounding these fraudulent accounts, Plaintiff also believed these collection attempts to be fraudulent and did not want to send any of his information or speak to the Defendants.

49. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50. The harms caused by Defendants have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

51. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

52. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

53. Defendants' conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

54. Defendants' violations were knowing, willful, negligent, and/or intentional, and Defendants did not maintain policies and procedures reasonably adapted to avoid any such violations.

55. Defendants' collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

56. Defendants' conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

57. Defendants' communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

58. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

59. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

60. In reliance on Defendants' conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

61. Based on Defendants' failure to comply with the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendants' debt collection activities.

62. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

66. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

67. Thus, Defendant violated 15 U.S.C. § 1692e:

   a. By deceptively misrepresenting the timeframe in each of the Letters for the Plaintiff to dispute the underlying debt or to request verification documents; and

   b. By sending 11 letters in one day with the same account number and varying balances;

   c. By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing each other.

68. By reason thereof, Defendants are liable to Plaintiff and the Class for judgment in that Defendants' conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

69. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

71. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

11

72. Thus, Defendants violated 15 U.S.C. § 1692f:

    a. By unfairly and unconscionably infringing on Plaintiff's rights to dispute the debt or to request more information during the validation period; and

    b. By sending 11 letters in one day with the same account number and varying balances;

    c. By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing each other.

73. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

74. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

75. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

76. Pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

77. Thus, Defendants violated 15 U.S.C. § 1692g:

    a. By sending the Letter which contains inconsistent and overshadowing deadlines for the Plaintiff's right to request verification or to dispute the underlying debt; and

  b. By sending 11 letters in one day with the same account number and varying balances;

  c. By failing to maintain policies and procedures that were reasonably calculated to not provide inconsistent deadlines for Plaintiff's rights to dispute the debt or to request verification documents.

78. By reason thereof, Defendants are liable to Plaintiff and the Class for judgment in that Defendants' conduct violated 15 U.S.C. § 1692g *et seq*. of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alan Friedman, individually and on behalf of all other similarly situated, demands judgment from the Defendants as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: February 22, 2024

Respectfully submitted,
**STEIN SAKS, PLLC**
*/s/ Rami M. Salim*
By: Rami M. Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Alan Friedman*